UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Yi T. Dong and Ru H. Zhao,

                Plaintiffs,                07 CV 9741

  -against-                              **COMPLAINT**

Mei Zhen Liu and Lan Zhen Liu,                ECF Case

                Defendants.

------------------------------------------------------------------------X

PRELIMINARY STATEMENT

1) Plaintiffs worked for defendants in their garment factories for varying periods of time between 2003 and May 2005. During their employment they usually worked seven days a week, over twelve hours a day. Plaintiff Dong was not paid the minimum wage. Neither plaintiff was ever paid overtime wages. In the last four months of their employment in 2005, they were not paid any wages at all.

2) Defendants took a 5% kickback from plaintiffs' wages.

3) This is an action to obtain their wages consistent with federal and New York State labor laws.

JURISDICTION AND VENUE

4) This Court has jurisdiction pursuant to 28 U.S.C. ' 1331 and supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. ' 1367. In addition, the Court has jurisdiction over plaintiffs' claims under the Fair Labor Standards Act pursuant to 29 U.S.C. ' 216(b).

5) Venue is vested in the Southern District of New York pursuant to 28 U.S.C. ' 1391 (a) as a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

6) Plaintiffs Yi T. Dong and Ru H. Zhao were employees of several garment factories owned and operated by defendants and others. The garment factories corporate owners were CCW Fashion, Inc. and Golden Phoenix Clothing Inc. The factories were located at 118-120 Baxter Street in Chinatown in New York City. Plaintiffs were engaged in the production of goods for interstate commerce.

7) Defendants Mei Zhen Liu and Lan Zhen Liu were, on information and belief, owners or part-owners of the factories where plaintiffs worked. These individual defendants had the power or authority to hire or fire employees, set their wages, establish their working conditions and maintain employment records. Defendants were plaintiffs' employers as that term is defined by the Fair Labor Standards Act and by New York State Labor Law.

8) The factories where plaintiffs worked produced garments that are sold or transported in interstate commerce.

## STATEMENT OF FACTS

9) Plaintiffs are garment workers who worked for defendants except 53 Fashion Inc.

10) Plaintiffs are mostly piece workers. They worked usually seven days a week, more than twelve hours a day.

11) Plaintiff Dong is an ironer and worked from on or about September 2003 until the end of May 2005.

12) Plaintiff Zhao is a hanger and worked from on or about February 2004 until the end of May 2005.

13) Plaintiff Dong was not paid the minimum wage.

14) Plaintiffs were not paid overtime for their work over forty hours a week.

15) Plaintiffs were never paid spread-of-hours pay for each day that they were on the job, including break time, for more than 10 hours.

16) For approximately four months in 2005, plaintiffs were not paid for their work and as a result resigned at the end of May 2005.

17) Plaintiffs were paid in cash.

18) Defendants took a kickback and reduced plaintiffs' cash wages by 5%.

19) In 2005, the United States Department of Labor ("DOL") investigated the labor conditions at plaintiffs' factory owned by CCW Fashion at 53 Chrsytie Street. DOL obtained an agreement from defendant CCW Fashion to pay some of the unpaid wages owed to plaintiffs.

20) CCW Fashion was to pay these labor law violation payments to DOL in several installments. After the third installment payment by defendant CCW Fashion, it defaulted in its other payments. It changed its name to 53 Fashion Inc. and continued in business with the same managers and many of the same employees.

21) The defendants never maintained accurate time or wage records.

22) The defendants intentionally and fraudulently did not report the cash payments to plaintiffs to the federal or state tax authorities and United States Social Security Administration as well as other governmental agencies to whom employee income was required to be reported.

23) Defendants willfully and intentionally failed to pay plaintiffs their wages, including the minimum wage and overtime pay. Defendants acted maliciously and wantonly in their disregard for plaintiffs= rights.

## FIRST CLAIM FOR RELIEF

### FEDERAL MINIMUM WAGE AND OVERTIME CLAIMS

24) Plaintiffs allege and reallege all the paragraphs above.

25) Defendants' failure to pay plaintiffs the minimum wage and overtime pay for work over 40 hours per week violates 29 U.S.C. ' 201 et seq. and the supporting federal Department of Labor regulations.

## SECOND CLAIM FOR RELIEF

### NEW YORK STATE MINIMUM WAGE AND OVERTIME CLAIMS

26) Plaintiffs allege and reallege all the paragraphs above.

27) Defendants' failure to pay plaintiffs the minimum wage including overtime pay for work over 40 hours per week and spread-of-hours pay for each day that plaintiffs were on the job, including break time, for more than 10 hours violates New York Labor Law '' 650 et seq. and the supporting New York State Department of Labor regulations or orders.

## THIRD CLAIM FOR RELIEF

### NEW YORK STATE UNPAID WAGES CLAIM

28) Plaintiffs allege and reallege all the paragraphs above.

29) Defendants' failure to pay plaintiffs their wages violates New York Labor Law '' 190 et seq.

## FOURTH CLAIM FOR RELIEF

### UNLAWFUL KICKBACK AND WAGE REDUCTION CLAIMS

30) Plaintiffs allege and reallege all the paragraphs above.

31) Defendants taking of an unlawful kickback and reducing plaintiffs' wages by 5% violates New York Labor Law §§ 190 et seq.

PRAYER FOR RELIEF

Wherefore plaintiffs respectively request that this Court enter an order and judgment awarding plaintiffs:

    a. unpaid wages, including minimum wages, overtime pay, spread of hours pay, and unlawful kickbacks and wage reductions plus liquidated damages, penalties and interest thereon;

    b. attorneys' fees and costs; and,

    c. such other relief as this Court shall deem just and proper.

Dated: November 1, 2007

        Respectfully submitted,

        _____s/_____

        KENNETH KIMERLING (KK5762)
        Asian American Legal Defense and
         Education Fund
        99 Hudson Street
        New York, New York 10013
        212-966-5932
        Attorneys For Plaintiffs