USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/2/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
                                        :
YI T. DONG & RU H. ZHAO,                :
                                        :
                    Plaintiffs,         :    06 Civ. 4973 (LAP)
                                        :
    -v.-                                :
                                        :
CCW FASHION INC., GOLDEN PHOENIX        :
CLOTHING INC., 53 FASHION INC.,         :
FA MING LIU a.k.a. JIMMY LIU,           :
BI FENG ZHOU a.k.a. JOYCE ZHOU,         :
& MEI ZHEN LIU                          :
                                        :
                    Defendants.         :
                                        :
----------------------------------------x

----------------------------------------x
                                        :
YI T. DONG & RU H. ZHAO,                :
                                        :
                    Plaintiffs,         :    07 Civ. 9741 (LAP)
                                        :
    -v.-                                :        ORDER
                                        :
MEI ZHEN LIU & LAN ZHEN LIU,            :
                                        :
                    Defendants.         :
                                        :
----------------------------------------x

LORETTA A. PRESKA, U.S.D.J.

    The two actions at issue herein were consolidated by endorsed

letter dated February 20, 2008.  In that letter, I also granted

Plaintiffs leave to file the instant motion for default judgment.

For the reasons set forth below, that motion [dkt. no. 14 (06 Civ.

4973); dkt. no. 6 (07 Civ. 9741) is GRANTED in part and DENIED in

part.

The first action, Dong v. CCW Fashion, Inc., was filed on
June 28, 2006, alleging various violations of federal and state
labor laws. (See Complaint ¶¶ 16-19, 21, Dong v. CCW Fashion,
Inc., 06 Civ. 4973 ("Compl. I").)  It named as corporate
defendants CCW Fashion, Inc., Golden Phoenix Clothing, Inc., and
53 Fashion, Inc., which corporations are alleged to own two
garment factories. (Id. ¶¶ 7-9.)  It also named three individual
defendants:  Fa Ming Liu and Bi Feng Zhou, who are married, and
Mei Zhen Liu, Defendant Fa Ming Liu's sister. (Id. ¶ 10.)  Through
counsel, two of the corporate Defendants -- CCW Fashion, Inc. and
Golden Phoenix Clothing, Inc. -- and two of the individual
defendants -- Bi Feng Zhou and Fa Ming Liu ("the answering
Defendants") -- filed an Answer on November 13, 2006.  Defendant
53 Fashion, Inc. was properly served but has filed no answer or
otherwise responded to the complaint, and a certificate noting its
default was issued by the Clerk of the Court on November 21, 2007.
Apparently, Defendant Mei Zhen Liu was not timely served. (See
Letter of Kenneth Kimmerling, Dong v. Liu, 07 Civ. 9741 (docketed
Feb. 20, 2008).)

The second action, Dong v. Liu, was filed on November 2,
2007, alleging the same violations as the first action and naming
as defendants Mei Zhen Liu and Lan Zhen Liu. (See Complaint, Dong
v. Liu, 07 Civ. 9741 (filed Nov. 2, 2007).)  Those Defendants were
properly served but have filed no answer or otherwise responded to
the complaint, and a certificate noting their default was entered

2

by the Clerk of the Court on February 15, 2008. (See Plaintiffs'
Motion for Default Judgment, Ex. 2, Dong v. Liu, 07 Civ. 9741
(filed Feb, 22, 2008).)

     Since filing the first action, it is unclear what discovery
has transpired, or if any has transpired at all.  The docket sheet
reflects a letter sent by Plaintiffs' counsel to Magistrate Judge
Eaton in connection with the first action, consenting to an
extension of the deadline for the close of all discovery because
"[a]ccording to [answering] defendants' counsel Bruce Fenton,
defendants are still in China and will not be returning until the
end of May.  In the absence of his clients, Mr. Fenton has been
unable to respond to plaintiffs' outstanding discovery requests."
(Letter of Kenneth Kimmerling, Dong v. CCW Fashion, Inc., 06 Civ.
4973 (docketed May 2, 2007).)  Apparently, Mr. Fenton has
continued to experience difficulties communicating with his
clients, and I granted him leave to proceed with a motion to
withdraw as counsel, though no such motion has yet been filed.
(See Order, Dong v. CCW Fashion, Inc., 06 Civ. 4973 (entered Oct.
4, 2007).)

     Plaintiffs now move for default judgment against all
defendants.  Before a default judgment may be entered, there must
be an entry of default under Rule 55(a), which states that default
may be entered "against whom a judgment for affirmative relief is
sought [who] has failed to plead or otherwise defend." Fed. R.
Civ. P. 55(a).  Thereafter, default judgment may be entered in one

of two ways:  by the Clerk, if the "claim is for a sum certain or a sum that can be made certain by computation," Fed. R. Civ. P. 55(b)(1), or by the Court upon application by the party seeking entry of default judgment, see Fed. R. Civ. P. 55(b)(2).

With respect to defendants in the second action, Mei Zhen Liu and Lan Zhen Liu, and defendant 53 Fashion, Inc., whose defaults have all been certified by the Clerk, Plaintiffs' motion for default is GRANTED, and that aspect of this action is referred to Magistrate Judge Eaton for an inquest as to damages.

With respect to CCW Fashion, Inc., Golden Phoenix Clothing, Inc., Bi Feng Zhou and Fa Ming Liu, Plaintiffs' motion is DENIED in light of the Answer filed on their behalf.  Nevertheless, CCW Fashion, Inc., Golden Phoenix Clothing, Inc., Bi Feng Zhou and Fa Ming Liu are hereby ORDERED to show cause on June 20, 2008, at 9:00 A.M. in Courtroom 12A, 500 Pearl Street, New York, why their Answer should not be stricken and judgment entered against them in light of their failure to respond to Plaintiffs' discovery requests.  Defendants' papers, if any, shall be filed no later than June 13, 2008.

SO ORDERED:

DATED:      New York, New York
            June 2, 2008

                                    _____
                                    LORETTA A. PRESKA, U.S.D.J.

4