UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Yi T. Dong and Ru H. Zhao,

                               Plaintiffs,                        06 CV 4973 (LAP)(DFE)

        -against-

CCW Fashion Inc.; Golden Phoenix Clothing Inc.;      ECF CASE
53 Fashion Inc.; Fa Ming Liu a.k.a. Jimmy Liu;
Bi Feng Zhou a.k.a. Joyce Zhou; and Mei Zhen Liu,

                               Defendants.

------------------------------------------------------------------X

## PLAINTIFFS' MEMORANDUM OF LAW
## IN SUPPORT OF DEFAULT JUDGMENT

### PRELIMINARY STATEMENT

Plaintiffs seek a default judgment against defendants CCW Fashion Inc. Golden Phoenix Clothing Inc., 53 Fashion Inc., Fa Ming Liu a.k.a. Jimmy Liu, and Bi Feng Zhou a.k.a. Joyce Zhou; "Defaulting Defendants."[1] A notice of default was entered against defendant 53 Fashion, Inc. by the Clerk of the Court on November 21, 2007. The Court permitted plaintiffs to file for a default judgment against the other Defaulting Defendants. Order of October 3, 2007.

In addition to this memorandum of law, Plaintiffs have submitted the declaration of Kenneth Kimerling, Plaintiffs' counsel (the "Kimerling Declaration"). The Kimerling Declaration attaches declarations from the Plaintiffs and other documents in support of this application.

### STATEMENT OF FACTS

---

[1] Defendant Mei Zhen Liu was not timely served and did not appear in this matter. However, she was sued again by plaintiffs in Dong v. Liu, 07 CV 9741 (LAP).

1

The facts as alleged in the Complaint are admitted as a result of defendants' default, except as to damages. <u>Xia v. Odds & Evens Trading Co. Inc.</u>, *Slip Opinion,* 01 CV 0334 (E.D.N.Y.) at 4.; <u>Liu v. Jen Chu Fashion Corp.</u> 2004 WL 33412, at *1 (S.D.N.Y. 2004); <u>Chen v. Jenna Lane</u>, 30 F. Supp.2d 622, 623 (S.D.N.Y. 1998). For the Court's convenience a copy of the Complaint is attached.

Plaintiffs are two garment workers who worked for defendants in garment factories. Complaint ¶¶ 1, 12 – 15. The factory were owned and managed by defendants Fa Ming Liu and his wife Bi Feng Liu. Complaint ¶ 10.

Plaintiffs worked seven days a week more than 12 hours a day and were never paid overtime and Plaintiff Dong did not earn the minimum wage. Complaint ¶¶ 1, 13, 16, 17, 19. When neither Plaintiff was paid for the last few months of work; neither was paid the minimum wage. Complaint ¶ 19.

The above facts are corroborated and detailed in Plaintiffs' declarations attached to the Kimerling Declaration.

ARGUMENT

POINT I

DEFAULTLING DEFENDANTS HAVE NOT PAID
PLAINTIFFS THEIR LAWFUL WAGES

Minimum Wage:

Plaintiffs are entitled to earn the minimum wage for their work.  Plaintiff Zhao and Dong worked 7 days a week, usually 12 or more hours a day.  Complaint ¶ 13.  Defaulting Defendants paid Plaintiffs on a piece work basis, and Plaintiff Dong earned less than the minimum wage.

Plaintiffs' damage claims under Fair Labor Standards Act ("FLSA") go back for three years, to June 27, 2003,[2] because there have been willful violations of the law.  29 U.S.C. § 255(a).  Complaint ¶¶ 50–53.   Dong worked as an ironer from September 2003 to May 2005.  Complaint ¶ 14.  Zhao started in February 2004 and worked until the end of May 2005.

The federal minimum wage was $5.15 an hour during the period of plaintiff's employment..  29 U.S.C. § 206(a).  The New York State minimum wage was also $5.15 during this period until 2005 when it increased to $6 an hour.  N.Y. Lab. § 652.  Because the New York State was higher after 2005, this higher rate applies.  29 U.S.C. § 218; Chan v. Sung Yue Tong Corp.  2007 WL 313483 *25 (S.D.N.Y.) at paragraph 64(a).

Overtime Pay

Plaintiffs worked more than 40 hours a week and were never paid overtime.  Complaint ¶ 17.  Plaintiffs were entitled to one-and-a-half times their regular hourly rate for work over 40 hours a week.  The FLSA provides:

---

[2] Plaintiffs' Complaint was filed on June 27, 2006.

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

Unpaid Wages

Plaintiffs were not fully paid for their work in 2005. Complaint ¶ 19. The failure to make weekly payments of wages violates New York Labor Law. Section 191(a) provides in pertinent part: "A manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned . . . " As discussed in the Kimerling Declaration, these unpaid wages were treated as the non-payment of minimum wages and overtime pay in the calculations of damages.

Spread of Hours

New York Labor Law includes a requirement that an employee who is on the job over 10 hours in any day be paid an additional hour at the minimum wage. N.Y. Lab. Regulations, 12 N.Y.C.R.R. § 142-2.4. . Plaintiffs regularly worked over 10 hours, but they were never paid these spread-of-hours pay nor overtime. Neither employee earned more than a minimum wage employee would have earned for working 7 days a week, 12 hours a day. Thus, plaintiffs have included spread-of-hours damages in the calculation of the damages that they are owed.[3]

---

[3] The courts have differed as to whether a non-minimum wage employee, i.e. an employee whose wages exceed what a minimum wage worker would receive if he was paid the minimum wage including overtime and spread-of-hours pay, are entitled to spread-of-hours pay. Compare: Yang v. ACBL Corp., 2005 WL 3312000, at *7 (S.D.N.Y. 2005) with Almeida v. Aguinaga, 500 F. Supp. 2d 366, 369 (S.D.N.Y. 2007). However, since plaintiffs were not paid as much as a minimum wage earner would earn for 84 hours a week, including overtime and spread-of-hours

Unlawful Deductions for Wages

Plaintiffs were paid in cash and Defendants took a 5% kickback from their wages. Complaint ¶¶ 20- 21. New York Labor Law provides in pertinent part: "No employer shall make any deduction from the wages of an employee, except deductions which. . . made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency. . ." N.Y. Lab. § 193. The deduction of 5% was not authorized by law.

Plaintiffs' Records and Testimony

Plaintiffs rely on their recollections to reconstruct the hours that they worked and on their notebooks for the money that they were paid. See Plaintiffs' Declarations. Defaulting Defendants did not maintain records of the hours of Plaintiffs' employment nor accurate records of the wages that Plaintiffs received. Complaint ¶ 24. In the absence of accurate records, the Court must assume that Plaintiffs' recollections and estimates of their hours are correct. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686-688 (1946); Reich v. Southern New England Telecomms. Corp., 121 F.3d 58, 66 (2d Cir. 1995); see also N.Y. Lab. § 196-a (New York State has an explicit statutory presumption).

Courts have created this presumption based on the employees' recollections in part because it is the duty of employers to maintain accurate records. As the United States Supreme Court explained:

> An employee who brings suit under § 16(b) of the Act [FLSA] ... has the burden of proving that he performed work for which he was not properly compensated. The remedial nature of this statute and the great public policy which it embodies, however, militate against making the burden an impossible hurdle for the employee. Due regard must be given to the fact that it is the employer who has

---

pay ($581.94), under either reading of the law, they are entitled to damages for the non-payment of spread-of-hours pay.

> the duty under § 11(c) of the Act ... to keep proper records of wage, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves....
>
> ...[W]e hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of reasonable inference. The burden shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonable inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

Anderson, 328 U.S. at 686-688; see also Liu v. Jen Chu Fashion Corp., 2004 U.S. Dist. LEXIS 35, at *9 (S.D.N.Y. 2004); Chen v. Jenna Lane, Inc., 30 F. Supp.2d 622, 624 (S.D.N.Y. 1998).

Both federal and state laws and regulations have strict record keeping requirements for employers. These provisions require complete and accurate records of, *inter alia*, employee work schedules, hours worked, hourly rates and piece rates, wages earned, and overtime paid. See 29 U.S.C. § 211(c); 29 C.F.R. Part 516; N.Y. Lab. §§ 195 and 661; 12 N.Y.C.R.R. § 142-2.6.

## POINT II

### PLAINTIFFS ARE ENTITLED TO DAMAGES INCLUDING LIQUIDATED DAMAGES

Both the FLSA and the New York Labor Law provide for liquidated damages in addition to actual damages. The FLSA provides for liquidated damages of 100 percent. 29 U.S.C. § 216(b). New York State provides for liquidated damages of 25 percent for labor law violations. N.Y. Lab. §§ 198, 663.

An employer who violates the FLSA's minimum wage and overtime requirements is liable for any unpaid minimum wages or overtime compensation "and an additional equal

amount as liquidated damages." 29 U.S.C. § 216(b).  "Liquidated damages" in this context "is something of a misnomer," since "[i]t is not a sum certain, determined in advance as a means of liquidating damages that may be incurred in the future," but rather is "an award of special or exemplary damages added to the normal damages."  Brock v. Superior Care, Inc., 840 F.2d 1054, 1063 n. 3 (2d Cir. 1988); see also Reich, 121 F.3d at 71 ("Liquidated damages under the FLSA are considered compensatory rather than punitive in nature.").  Double damages are the norm for violations of the FLSA.  Id.

Under the New York Labor Law, an employee may be awarded liquidated damages constituting an additional 25 percent of the total wages owed by the employer "upon a finding that the employer's failure to pay the wage[s] required ... was willful."  N.Y. Lab. §§ 198(1a), 663.  An employer acts "willfully" if it "knowingly, deliberately, or voluntarily disregards its obligation to pay wages."  Ayres v. 127 Restaurant Corp., 12 F. Supp.2d 305, 309 (S.D.N.Y. 1998) (quoting P & L Group, Inc. v. Garfinkel, 541 N.Y.S.2d 535, 537 (2d Dep't 1989)). The plaintiffs need not prove that the defendants acted maliciously or in bad faith.  Id.  Here Defaulting Defendants acted willfully.  Complaint ¶¶ 26 – 27.

Plaintiffs are entitled to full Federal and New York State liquidated damages for the same minimum wage and overtime damages, since Federal and state liquidated damages provide different remedies.  See Reilly v. NatWest Market Group, Inc., 181 F.3d 253, 265 (2d Cir. 1999) (describing the difference between compensatory damages and punitive damages and why both can be awarded in the same award of damages).  FLSA liquidated damages provide the plaintiffs with compensation for the delay in payment.  See Reich, 121 F.3d at 71.  On the other hand, New York State labor law liquidated damages are punitive in nature.  See Reilly, 181 F.3d at 265.

Plaintiffs are thus entitled to New York State liquidated damages of 25% as punishment for defendants' willful violation of the minimum wage and overtime laws. N.Y. Lab. §§ 198 (1-a), 663(1). They are also entitled to FLSA 100% liquidated damages for the delay in payment of their rightful wages. 29 U.S.C. § 216(b).

Similarly, Plaintiffs are entitled to New York State liquidated damages of 25% as punishment for defendants' willful violation of requirement to pay spread-of-hours pay and for the unlawful deductions of 5% of their wages. N.Y. Lab. §§ 198 (1-a), 663(1). They are also entitled to prejudgment interest at 9% for the delay in payment of these wages. N.Y. C.P.L.R. §5001; Reilly, 181 F.3d at 265; Liu, 2004 U.S. Dist. LEXIS 35, at *16. Plainitffs have calculated their interest damages based on a midpoint. See N.Y. C.P.L.R. §5002.

POINT III

DEFENDANT LIU AND ZHOU
ARE INDIVIDUALLY LIABLE

To insure compliance with their labor laws, both federal and state laws provide that the individuals who manage the employees are individually liable as employers. The FLSA provides in pertinent part:

> (d) "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee . . .

29 U.S.C. §§ 203 (d).

Similarly, New York Labor Law provides in pertinent part:

> 5. "Employee" means a mechanic, workingman or laborer working for another for hire.
>
> 6. "Employer" means the person employing any such mechanic, working man or laborer, whether the owner, proprietor, agent, superintendent, foreman or other subordinate.

N.Y. Lab. §§ 2(5), 2(6).  These chapter-wide definitions are then included in the specific articles in the Labor Law.  N.Y. Lab. §1.  Individual Defaulting Defendants Liu and Zhou fall squarely within both the federal and state definitions of employer.

Courts have broadly interpreted the term "employer."  As the Second Circuit has held:

> The Supreme Court has emphasized the "expansiveness" of the FLSA's definition of employer.  Falk v. Brennan, 414 U.S. 190, 195, 94 S.Ct. 427, 38 L.Ed.2d 406 (1973).  Above and beyond the plain language, moreover, the remedial nature of the statute further warrants an expansive interpretation of its provisions so that they will have "the widest possible impact in the national economy."  Carter v. Duchess Community College, 735 F.2d 8, 12, (2d Cir. 1984).

Herman v. RSR Sec. Serv. Ltd., 172 F. 3d 132, 139 (2d Cir. 1999).

The New York State Labor Law is similarly interpreted.  Chung v. New Silver Palace Restaurant, Inc., 27 F. Supp.2d 314, 318 (S.D.N.Y. 2003);  Wong v. Yee, 693 N.Y.S.2d 536 (1st Dep't 1999).

Defendants Fa Ming Liu and Bi Fen Zhou are Plaintiffs' employers and managers.  Complaint ¶ 10.  They are jointly and severally liable under the FLSA and under New York State Labor Laws for the damages owed to Plaintiffs.

POINT IV

ATTORNEYS' FEES AND COSTS

Plaintiffs may also seek attorneys' fees and costs.  29 U.S.C. § 216(b); N.Y. Lab. §§ 198(1-a), 663(1).  The amount of attorneys' fees is set forth in the Kimerling Declaration.

CONCLUSION

For the reasons stated above, plaintiffs should be award damages and attorneys' fees and costs against the Defaulting Defendants in the amounts set forth in the Declaration of Kenneth Kimerling, Plaintiffs' Counsel, dated December 4, 2007.

Dated: December 4, 2007

                                        Respectfully,

                                        _____S/_____

                                        KENNETH KIMERLING (KK5762)
                                        Asian American Legal Defense &
                                           Education Fund Inc.
                                        99 Hudson Street
                                        New York, New York 10013

                                        Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Yi T. Dong and Ru H. Zhao,

                       Plaintiffs,                    **06 CV 4973 (LAP)(DFE)**
        -against-                               **COMPLAINT**

CCW Fashion Inc.; Golden Phoenix Clothing Inc.;      ECF CASE
53 Fashion Inc.; Fa Ming Liu a.k.a. Jimmy Liu;
Bi Feng Zhou a.k.a. Joyce Zhou; and Mei Zhen Liu,

                       Defendants.

------------------------------------------------------------------------X

PRELIMINARY STATEMENT

1) Plaintiffs worked for defendants in their garment factories for varying periods of time between 2003 and May 2005.  During their employment they usually worked seven days a week, over twelve hours a day.  Plaintiff Dong was not paid the minimum wage.  Neither plaintiff was ever paid overtime wages. In the last four months of their employment in 2005, they were not paid any wages at all.

2) Defendants took a 5% kickback from plaintiffs' wages.

3) This is an action to obtain their wages consistent with federal and New York State labor laws.

JURISDICTION AND VENUE

4) This Court has jurisdiction pursuant to 28 U.S.C. ' 1331 and supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. ' 1367.  In addition, the Court has jurisdiction over plaintiffs' claims under the Fair Labor Standards Act pursuant to 29 U.S.C. '

1

216(b).

5) Venue is vested in the Southern District of New York pursuant to 28 U.S.C. ' 1391 (a) as a substantial part of the events giving rise to the claims occurred in this district.

PARTIES

6) Plaintiffs Yi T. Dong and Ru H. Zhao were employees of defendants.  Plaintiffs were engaged in the production of goods for interstate commerce.

7) Defendant CCW Fashion, Inc. is a corporation registered in New York State in May 2004.  It is a garment factory.  It was located at 118-120 Baxter Street, New York, New York, and in or about 2004, it moved to 53 Christie Street, New York, New York.  It is plaintiffs' employer under the terms of the Fair Labor Standards Act and New York State Labor Law.

8) Defendant Golden Phoenix Clothing Inc. is a corporation registered in New York State.  It was dissolved by proclamation in June 2004. It was a garment factory at 118-120 Baxter Street, New York, New York, and was succeeded by defendant CCW Fashion Inc.  It is plaintiffs= employer as that term is defined by the Fair Labor Standards Act and by New York State Labor Law.

9) Defendant 53 Fashion Inc. is a corporation registered in New York State.  It is the successor to CCW Fashion Inc. and Golden Phoenix Clothing, Inc.  It owns the garment factory at 53 Chrystie Street, New York, New York.

10)    Defendants Fa Ming Liu a.k.a. Jimmy Liu; his wife Bi Feng Zhou a.k.a. Joyce Zhou and his sister Mei Zhen Liu were, on information and belief, owners or part-owners of the corporate defendants.  These individual defendants had the power or authority to hire or fire

employees, set their wages, establish their working conditions and maintain employment records. They are plaintiffs= employers as that term is defined by the Fair Labor Standards Act and by New York State Labor Law.

11) The corporate defendants produce garments that are sold or transported in interstate commerce.

## STATEMENT OF FACTS

12) Plaintiffs are garment workers who worked for defendants except 53 Fashion Inc.

13) Plaintiffs are mostly piece workers. They worked usually seven days a week, more than twelve hours a day.

14) Plaintiff Dong is an ironer and worked from on or about September 2003 until the end of May 2005.

15) Plaintiff Zhao is a hanger and worked from on or about February 2004 until the end of May 2005.

16) Plaintiff Dong was not paid the minimum wage.

17) Plaintiffs were not paid overtime for their work over forty hours a week.

18) Plaintiffs were never paid spread-of-hours pay for each day that they were on the job, including break time, for more than 10 hours.

19) For approximately four months in 2005, plaintiffs were not paid for their work and as a result resigned at the end of May 2005.

20) Plaintiffs were paid in cash.

21) Defendants took a kickback and reduced plaintiffs' cash wages by 5%.

22) In 2005, the United States Department of Labor ("DOL") investigated the labor conditions at plaintiffs' factory owned by CCW Fashion at 53 Chrsytie Street.  DOL obtained an agreement from defendant CCW Fashion to pay some of the unpaid wages owed to plaintiffs.

23) CCW Fashion was to pay these labor law violation payments to DOL in several installments.  After the third installment payment by defendant CCW Fashion, it defaulted in its other payments.  It changed its name to 53 Fashion Inc. and continued in business with the same managers and many of the same employees.

24) The defendants never maintained accurate time or wage records.

25) The defendants intentionally and fraudulently did not report the cash payments to plaintiffs to the federal or state tax authorities and United States Social Security Administration as well as other governmental agencies to whom employee income was required to be reported.

26) Defendants willfully and intentionally failed to pay plaintiffs their wages, including the minimum wage and overtime pay.  Defendants acted maliciously and wantonly in their disregard for plaintiffs= rights.

FIRST CLAIM FOR RELIEF

FEDERAL MINIMUM WAGE AND OVERTIME CLAIMS

27) Plaintiffs allege and reallege all the paragraphs above.

28) Defendants' failure to pay plaintiffs the minimum wage and overtime pay for work over 40 hours per week violates 29 U.S.C. ' 201 et seq. and the supporting federal Department of Labor regulations.

## SECOND CLAIM FOR RELIEF

### NEW YORK STATE MINIMUM WAGE AND OVERTIME CLAIMS

29) Plaintiffs allege and reallege all the paragraphs above.

30) Defendants' failure to pay plaintiffs the minimum wage including overtime pay for work over 40 hours per week and spread-of-hours pay for each day that plaintiffs were on the job, including break time, for more than 10 hours violates New York Labor Law '' 650 et seq. and the supporting New York State Department of Labor regulations or orders.

## THIRD CLAIM FOR RELIEF

### NEW YORK STATE UNPAID WAGES CLAIM

31) Plaintiffs allege and reallege all the paragraphs above.

32) Defendants' failure to pay plaintiffs their wages violates New York Labor Law '' 190 et seq.

## FOURTH CLAIM FOR RELIEF

### UNLAWFUL KICKBACK AND WAGE REDUCTION CLAIMS

33) Plaintiffs allege and reallege all the paragraphs above.

34) Defendants taking of an unlawful kickback and reducing plaintiffs' wages by 5% violates New York Labor Law §§ 190 et seq.

## PRAYER FOR RELIEF

Wherefore plaintiffs respectively request that this Court enter an order and judgment awarding plaintiffs:

a. unpaid wages, including minimum wages, overtime pay, spread of hours pay, and unlawful

kickbacks and wage reductions plus liquidated damages, penalties and interest thereon;

   b.  attorneys' fees and costs; and,

   c.  such other relief as this Court shall deem just and proper.

Dated: June 27, 2006

                                          Respectfully submitted,

                                          s/

                                          KENNETH KIMERLING (KK5762)
                                          Asian American Legal Defense and
                                             Education Fund
                                          99 Hudson Street
                                          New York, New York 10013
                                          212-966-5932
                                          Attorneys For Plaintiffs