UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Yi T. Dong and Ru H. Zhao,

                             Plaintiffs,
       -against-                                   **06 CV 4973 (LAP)(DFE)**
CCW Fashion Inc.; Golden Phoenix Clothing Inc.;     ECF CASE
53 Fashion Inc.; Fa Ming Liu a.k.a. Jimmy Liu;
Bi Feng Zhou a.k.a. Joyce Zhou; and Mei Zhen Liu,

                             Defendants.

------------------------------------------------------------------------X
Yi T. Dong and Ru H. Zhao,

                             Plaintiffs,
      -against-

                                         **07 CV 9741 (LAP) (DFE)**
Mei Zhen Liu and Lan Zhen Liu,                         ECF Case

                             Defendants.

------------------------------------------------------------------------X

SUPPLEMENTAL
DECLARATION OF KENNETH KIMERLING
IN SUPPORT OF DEFAULT JUDGMENT

1. I am counsel for plaintiffs and submit this supplemental declaration in support of a default judgment against defaulting defendants herein.

2. On June 2, 2008, the Court entered a default against the defendant 53 Fashion, Inc., in <u>Dong v. CCW Fashion Inc.</u>, 06 CV 4973, (hereinafter the "First Case") and defendants Mei Zhen Liu and Lan Zhen Liu, in <u>Dong v. Liu</u>, 07 CV 9741 (hereinafter the "Second Case")..   On June 20, 2008, the Court entered a default against the defendants, CCW Fashion Inc., Golden Phoenix Clothing Inc., Fa Ming Liu a.k.a. Jimmy Liu, and  Bi Feng Zhou a.k.a. Joyce Zhou in the First Case.

3. Plaintiffs rely on the papers previously submitted in the First Case in support of their claims: the Declaration of Kenneth Kimerling dated December 4, 2007, which attached, inter alia, the declarations of plaintiffs Dong and Zhao; and Plaintiffs' Memorandum of Law in Support of Default Judgment, dated December 4, 2007. The points and authorities in this memorandum of law are fully applicable to the Second Case

4. I submit this supplemental declaration to update some of the information in the earlier submissions in regard to the damages owed to plaintiffs and to comply with paragraph 2 of the July 8, 2008, Scheduling Order of Magistrate Judge Douglas F. Eaton.

<u>Personal Jurisdiction</u>

5. In the First Case ,the following defendants CCW Fashion, Inc., Fa Ming Liu, and Si Fen Zhou all appeared by counsel. These defendants neither moved to dismiss for lack of personal jurisdiction nor asserted a defense of lack of personal jurisdiction in their answer. Defendants' Answer is attached as exhibit K. (The exhibit identifying letters are continued from the Kimerling Declaration of December 4, 2007.)

6. In the First Case, defendant 53 Fashion, Inc. was served through the Secretary of State on October 2, 2006, and the certificate of service was filed with the Court on November 27, 2006. The Clerk of the Court noted Default on November 21, 2007. <u>See</u> Certificate of Service and Clerk's Certificate Noting Default, are attached as Exhibit L.

7. In the Second Case defendants Mei Zhen Liu and Lan Zhen Liu were personally

served.  The Clerk noted defendants' default on February 15, 2008.  <u>See</u>  the declarations of service and Clerk's Certificate Noting Default attached as Exhibit M.

SUBJECT MATTER JURISDICTION

8. Plaintiffs in both actions have subject matter jurisdiction.  See, <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500 (2006).  Both actions have federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Both assert claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.  FLSA itself has no jurisdiction provision for claims by plaintiffs.  Plaintiffs' New York State claims were brought under 28 U.S.C. § 1367, supplemental jurisdiction.  The state law claims are for the same or similar violations as those under FLSA and as such are "so related to the [federal] claims . . . that they form part of the same case or controversy…."

<u>Damages Owed By Defendants</u>

9. The damage calculations and legal authorities to support those calculations were submitted for the First Case in the Kimerling Declaration of December 4, 2007, and supporting Plaintiffs' Memorandum of Law.  Those calculations have been amended as is further described below.

10. The Fair Labor Standards Act (FLSA) has a three year statute of limitations for defendants' willful violations.  29 U.S.C. § 255.

11. The damage calculations for the Second Case are different from those in the First Case because of the change in the FLSA statute of limitations period.  The New York State statute of limitations, six years, N.Y. Lab. § 663(3) does not effect any change in the actual damages.  In the Second Case, because the award of FLSA

3

damages only goes back to November 2, 2004, and adjustment must be made in the award of FLSA damages as well as FLSA liquidated damages. The award of both FLSA and New York State liquidated damages was briefed in the Plaintiffs' Memorandum of Law. A new authority in support of this award was recently issued in <u>Kim v. 167 Nail Plaza</u>, Slip Opinion, 05 CV 5680 (July 7, 2008, S.D.N.Y.) at 4 – 6, reported at 2008 WL 2676598 *2-*4 (S.D.N.Y.).

12. Attached hereto as Exhibits D-2 and G-2 are damage calculations in the Second Case reflecting the changes in FLSA damages and liquidated damages. These Exhibits correspond to the damage calculations for Plaintiffs Zhao and Dong, Exhibits D and G, attached in the Kimerling Declaration of December 4, 2007, filed previously in the First Case. In recalculating Zhao's damages for the Second Case, I noticed that one of the Excel formulas failed to include damages for period after April 1. 2005, and I have corrected that error in his damage chart.

<u>Prejudgment Interest</u>

13. Plaintiffs' calculated prejudgment interest on their New York State Labor Law claims in their earlier submission based on a judgment dated of November 5, 2007. Because the judgment in this matter will now be issued after September 12, 2008, plaintiffs have recalculated prejudgment interest based on conservative date for a judgment of October 1, 2008. In addition because plaintiffs' New York State damages are different in the Second Case, the prejudgment damages must be calculated for those damages as well. As noted above, in calculating Zhao's damages for the Second Case I noticed that one of the Excel formulas failed to include damages for period after April 1. 2005, and I have corrected that error.

These prejudgment interest calculations, and the corrected damages for Zhao, are reflected in Exhibits D-1 and G -1 attached for the First Case and D-2 and G-2 for the Second Case. Exhibits D-1 and G-1 replace Exhibits D and G attached to the Kimerling Declaration of December 4, 2007.

Damages Sought

14. Plaintiffs seek a judgment in the First Case of $79,663.01 for plaintiff Dong (including damages, liquidated damages and prejudgment interest to October 1, 2008) and a judgment of $31,963.18 for Plaintiff Zhao (including damages, liquidated damages and prejudgment interest to October 1, 2009) against defaulting defendants CCW Fashion Inc., Golden Phoenix Clothing Inc., 53 Fashion, Inc., Fa Ming Liu a.k.a. Jimmy Liu, and Bi Feng Zhou a.k.a. Joyce Zhou. See Exhibit E-1, replacing Exhibit E attached to the Kimerling Declaration of December 4, 2007.

15. Plaintiffs seek a judgment in the Second Case of $64,759.12 for plaintiff Dong (including damages, liquidated damages and prejudgment interest to October 1, 2008) and a judgment of $28,499.18 for Plaintiff Zhao (including damages, liquidated damages and prejudgment interest to October 1, 2009) against the defaulting defendants in the Second Case, Mei Zhen Liu and Lan Zhen Liu. See Exh. E – 2.

Attorney's Fees and Costs

16. Plaintiffs' seek attorney's fees and costs in the Second Case.

17. I have expended 6.5 hours of time in the Second Case:

5

| | | |
|---|---|---|
| 2/15/2008 | ltr to ct re consolidation and default | 0.75 |
| 2/20/2008 | preparation and filing papers for default judg | 2.00 |
| 7/3/2008 | Supplemental declaration for default | 2.25 |
| 7/15/2008 | Edit supplemental declaration | <u>1.50</u> |
| | | 6.50 |

18. Plaintiffs seek $350 an hour for my time for a total attorney's fees award of $2,275.

19. Plaintiffs seek $350 for the filing fee.

20. In total plaintiffs' seek $2,625 in attorney's fees and costs in the Second Case.

21. As stated in the Kimerling Declaration of December 4, 2007, plaintiffs seek $8,810 in attorney's fees and costs in the First Case.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated:  July 15, 2008

                                                 __s/_____
                                                 Kenneth Kimerling