UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Yi T. Dong and Ru H. Zhao,

                       Plaintiffs,                       06 CV 4973 (LAP)(DFE)
       -against-

CCW Fashion Inc.; Golden Phoenix Clothing Inc.;      ECF CASE
53 Fashion Inc.; Fa Ming Liu a.k.a. Jimmy Liu;
Bi Feng Zhou a.k.a. Joyce Zhou; and Mei Zhen Liu,

                       Defendants.

------------------------------------------------------------------------X

## DECLARATION OF KENNETH KIMERLING

KENNETH KIMERLING hereby declares:

    1.    I am counsel for plaintiffs in this matter and submit this declaration in support of plaintiffs' application for a default judgment against defendants CCW Fashion Inc.; Golden Phoenix Clothing Inc.,53 Fashion Inc., Fa Ming Liu a.k.a. Jimmy Liu; and Bi Feng Zhou a.k.a. Joyce Zhou.

<u>Plaintiffs' Damages</u>

    2.    I have attached the declarations of the two plaintiffs that set forth their hours and wages. As discussed below, I used this information in calculating the damages owed to plaintiffs. Exhibit A: Zhao Declaration and Exhibit B: Dong Declaration.

    3.    Plaintiff Zhao worked as a hanger. He was paid by the piece. He and another hanger worked together and submitted one piece rate record and split the wages. His average hourly wages were above the minimum wage except for the period when he was not paid at all. However, he was never paid overtime pay nor spread-of-hours pay..

    4.    As Zhao states in his declaration he was paid on an irregular basis. Based on his

piece rate records and considering that he was paid along with another worker, I calculated his average weekly pay at $512.04 a week.  See, Exh. C.

5. Using this weekly pay rate and his estimated hours of work per week, I calculated the amount of minimum wages, overtime pay and spread-of-hours pay that he is owed.  Exhibit D.  In doing this calculation, because he was not paid $5834.73 in wages, I determined that based on his average weekly pay rate that he was not paid for the last 11.4 weeks of his work.  For this period, I treated him as not receiving the minimum wage and calculated minimum wage and overtime wages owed using the New York State rate of $6 an hour since that was the higher rate.  29 U.S.C. § 218; <u>Chan v. Sung Yue Tong Corp.</u>  20007 WL 313483 *25 (S.D.N.Y.) at paragraph 64(a).

6. The minimum wage and overtime wages owed are subject to the federal Fair Labor Standards Act (FLSA) and New York State liquidated damages. 29 U.S.C. § 216; N.Y. Lab. § 663.  The spread-of-hours pay is subject to New York State liquidated damages.  N.Y. Lab. § 663

7. Defendants' also deducted 5% from Zhao's wages.  Based on Zhao's records, I determined that a total of $1368.72 was deducted for the wages he received. See Exh D.  That amount would be subject to liquidated damages a willful violation. N.Y. Lab. § 198.  .

8. The New York State labor law damages for unlawful deductions from wages and for non-payment of spread-of-hours pay are also subject to prejudgment interest. NY CPLR §§ 5001 and 5002.  Using a midpoint calculation, I have calculated that $592.84 in interest is owed.  See Exh. D.

9. Zhao is owed a total of $25,761.39 for FLSA and New York Labor Law violations. See Exh. E.

10.     Plaintiff Dong worked as an ironer and was paid piece rate. He was paid together with another ironer based on their combined piece rate production.  Using information from Dong's piece rate records, I calculated his half of the piece rate wages.  I then calculated his average weekly wages.  See, Exh F.

11.     Using Dong's average weekly wages and his average weekly hours, I calculated the amount owed in minimum wage, overtime pay and spread-of-hours wages.  See Exh. G.  I also included appropriate FLSA and New York Labor Law liquidated damages.  Id.  In doing this calculation, because he was not paid $9441.28 in wages, I determined that he was not paid for the last 30.56 weeks of his work.  For this period, I treated him as not receiving the minimum wage and calculated minimum wage and overtime wages owed using the New York State rate of $6 an hour since that was the higher rate.  29 U.S.C. § 218; <u>Chan v. Sung Yue Tong Corp.</u> 20007 WL 313483 *25 (S.D.N.Y.) at paragraph 64(a).

12.     Defendants' also deducted 5% from Dong's wages.  Based on Dong's records, I determined that $829.41 was unlawfully deducted from his wages. See Exh G   These damages are subject to a 25% liquidated damages penalty under the New York State Labor law.  N.Y. Lab. 198.

13.     The New York State labor law damages for the unlawful deductions from wages and for non-payment of spread-of-hours pay are also subject to prejudgment interest. NY CPLR §§ 5001 and 5002.  Using a midpoint calculation, I have calculated the $892.13 in interest is owed.  See Exh. G.

14.     Dong is owed a total of $82,463.01.  See Exh. E.

15.     Zhao and Dong both received $2800 from the Department of Labor in partial payment of the wages they were owed.  This amount is subtracted from their claims.

3

16.   Plaintiffs seek a judgment against Defaulting Defendants of $22,961.39 for Zhao and $79,663.01 for Dong.  See Exh. E.

<u>Attorneys' Fees & Costs</u>

17.   Plaintiffs are also entitled to attorneys' fees and costs.  29 U.S.C. §216(b); N.Y. Lab. §663(1).

18.   Plaintiffs seek attorney's fees for my time in this matter.

19.   I have contemporaneously maintained my hours on this matter.  Plaintiffs seek only my time in preparing the instant application for default judgment.  I have printed out my record of my hours for which compensation is sought.  <u>See</u> Exhibit H attached.  I have spent 24 hours on this matter including the application for default judgment.

20.   In the two wage and hour matters that were resolved at trial, the courts awarded me attorneys fees at a rate of $350.  <u>Yang v. ACBL</u>, 2006 LEXIS 6919 (S.D.N.Y. 2006); <u>Moon v. Kwon</u>, 2002 WL 31512816 (S.D.N.Y. 2002).  As part of a default judgments in another wage and hour matters, I was similarly awarded $350 an hour in 2006 and 2004.  <u>Xia v. Odds & Evens Trading Co. Inc.</u>, 01 CV 0334 (E.D.N.Y.); <u>Liu v. Jen Chu Fashion</u>, 2004 WL 33412 (S.D.N.Y. 2004).

21.   I have been a civil rights and labor law attorney for over 35 years.  I have attached as Exhibit I my resume and a list of some of my cases.  The court in <u>Marisol v. Giuliani</u>, 111 F. Supp.2d 381, 386 (S.D.N.Y. 2000), after reviewing numerous decisions in civil rights matters, found that the average rates for attorneys in New York City with 15 or more years of experience was $350.  Since that decision that the rates for attorneys with my experience have risen, Nevertheless, since this is a default judgment, I seek $350 an hour for my time.

22.   My lodestar amount for attorney's fees is $8,400

4

23. In addition, plaintiffs have costs of $350 for the filing of this matter, $60 for service of the summons and complaint on defendant 53 Fashion Inc. for a total of $410.  <u>See</u> attached Exhibit J.  These amounts were necessarily expended in the prosecution of this litigation.

24. Wherefore, plaintiffs seek a judgment for $8,810 for attorney's fees and costs for their attorneys the Asian American Legal Defense and Education Fund.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Dated:  December 4, 2007

                                                                      _____s/_____
                                                                      Kenneth Kimerling